IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-02253-SKC

JOSE RAMIREZ,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S SPOLIATION MOTION [ECF. #41]**

---

This Order addresses Plaintiff Jose Ramirez's ("Ramirez") Motion for Default Judgment Sanctions and Finding of Law for Spoliation of Evidence [ECF. #41] (the "Motion"). The Court has reviewed the Motion, Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") Response [ECF. #48], the entire docket, and applicable law. Oral argument will not materially assist the Court's ruling. For the following reasons, the Motion is DENIED.

### I. BACKGROUND

This lawsuit arises out of an altercation between Ramirez and Wal-Mart's asset protection employees on the evening of August 4, 2016. The majority of the events surrounding the altercation are not in dispute: Ramirez was shopping at Wal-Mart with his minor nephew. Wal-Mart employees identified Ramirez as a potential shoplifter and began monitoring his movements throughout the store using security cameras. When Ramirez attempted to exit the store, he and his nephew were allegedly concealing stolen

1

goods as they passed through the store's final point of sale. Thereafter, two members of Wal-Mart's asset protection team approached Ramirez in Wal-Mart's vestibule. As they approached, Ramirez ran into the door frame of the vestibule's exit and fell to the ground, and the asset protection team apprehended and detained him. [*See* ECF. #41.]

How Ramirez was apprehended and detained is in dispute. Ramirez maintains that Wal-Mart employees accused him of shoplifting, and that he "attempted to leave the store without further incident." [*Id.* at ¶2.] When exiting the vestibule through a set of sliding double doors, he ran into the door frame and "[fell] to the ground and was already restrained by two Wal-Mart employees/agents." [*Id.*] Ramirez claims he was compliant and lying on his stomach when a "third employee/agent came over and stomped on his person," causing him "serious injury." [*Id.*]

Wal-Mart claims that Ramirez attempted to leave the store with stolen merchandise concealed in a cooler and in his nephew's clothing. [ECF. #48 at ¶3.] After Ramirez passed all points of sale with the concealed merchandise and entered the vestibule, he saw Wal-Mart's asset protection employees and attempted to flee. [*Id.* at ¶5.] When fleeing, he ran into the vestibule's sliding exit doors and fell. [*Id.* at ¶7.] At that point, two asset protection employees picked Ramirez up and escorted him to the asset protection office. [*Id.* at ¶8.] Wal-Mart claims no employees tackled or stomped on Ramirez, and that Ramirez "did not make any inquires as to medical treatment. [*Id.* at ¶¶9-11.]

With its Initial Disclosures under Fed. R. Civ. P. 26(a)(1), Wal-Mart produced six-hours of video footage to Ramirez. [ECF. #41.] This footage captures Ramirez: walking

2

through the store; walking past the final point of sale and entering the vestibule; observing the asset protection employees; and running toward the exit. [*Id.* at ¶13.] It also shows two employees walking Ramirez (detained at this point) to the asset protection office. [*Id.*] The video does not show Ramirez run into the doorframe, falling to the ground, or his what happened to him while he lay on the ground (collectively, "Absent Footage"). [*Id.* at ¶4.]

This discovery dispute arises out of Ramirez's claim that the Absent Footage previously existed, but Wal-Mart failed to preserve it. [*See generally* ECF. #41.] Ramirez argues this failure to preserve constitutes spoliation. [*Id.* at ¶4.] He seeks sanctions in the form of a default judgment on the issue of liability, or alternatively, an adverse inference instruction. [*Id.* at ¶24.] Wal-Mart argues Ramirez fails to establish spoliation of evidence because its duty to preserve the video was not triggered until February 27, 2017—months after the surveillance tape was overwritten by Wal-Mart's DVR system. [ECF. #48 at p.1.]

## II. DISCUSSION

As a threshold matter, Ramirez has not convinced the Court that Wal-Mart's cameras previously captured the apprehension. This is an important and threshold inquiry because Wal-Mart cannot have a duty to preserve evidence that never existed. *Cf.* Fed. R. Civ. P. 37(e) advisory committee notes, 2015 amendment (preservation obligation does not apply when information or evidence is lost *before* a duty to preserve attaches). Here, Ramirez's entire spoliation argument presupposes that when he ran into the door frame and fell outside of the store's vestibule, an outdoor camera recorded his apprehension. [*See generally* ECF. #41 at ¶21.] But Ramirez has produced no evidence

3

that the Absent Footage existed.

Ramirez seems to assert the video existed by quoting an incomplete excerpt from Ali Saraf's (a Wal-Mart asset protection employee) deposition:

> Q: So did you see – when you pulled [the video DVD], and you actually sent it to the company, did you see all of the footage from the time that he bought the cooler to the apprehension? Did you actually see the apprehension?
>
> A: Yes.

[ECF. #41 at ¶26.] In its Response, however, Wal-Mart includes Mr. Saraf's complete testimony, *to wit*:

> Q: And the – so I think you had already clarified this. So when we were talking about the video, [Plaintiff's counsel] was talking about video of the apprehension. I think what he meant by that was, like, [Ramirez] actually hitting the ground and you guys picking him up.
>
> . . .
>
> As far as you're aware, there's no video of that, is there?
>
> A: No. Yeah, because when he fell, it's a blind spot. So these [sic] both cameras outside, they didn't pick up anything.

[ECF. #48-2 at p.8. (stating that if the fall had been captured on camera it would have been preserved by employees).] Because Ramirez cannot prove that Wal-Mart's cameras captured the fall, the Court cannot find that a duty to preserve ever arose. The Motion should be denied for this reason alone.

Even assuming the video did exist, however, the Motion fails to show that the duty to preserve arose prior to the video's destruction. To obtain sanctions for spoliation of evidence, a party must first show that "(1) a party ha[d] a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse

4

party was prejudiced by the destruction of the evidence." *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007). Ultimately, "a party's duty to preserve arises when it has notice that the [evidence] might be relevant to a reasonably-defined future litigation." *Id.* The preservation obligation does not apply when information or evidence is lost *before* a duty to preserve attached. Fed. R. Civ. P. 37(e) advisory committee notes, 2015 amendment.[1]

Ramirez maintains that Wal-Mart's duty to preserve arose on August 6, 2016, the date of the incident, because a Wal-Mart employee stomped on Ramirez's ankle and he told Wal-Mart employees that he was in pain while he was being detained. [*See generally* ECF. #41.] The Court disagrees.

First, Wal-Mart's employees have testified in depositions that Ramirez was not stomped on. [ECF. #48 at ¶¶9-10.] Indeed, Ramirez admits he declined medical assistance when offered by Wal-Mart's asset protection employees, and Wal-Mart employees stated under oath that Ramirez did not make any inquiries for medical treatment after his apprehension. [*See* ECF. #48 at ¶¶11-12.] Thus, whether Ramirez was stomped on is a disputed issue of fact; absent evidence establishing the stomping did in fact occur, the Court cannot conclude that the duty to preserve arose on the evening of the event.

---

[1] Ramirez relies on Colorado Supreme Court and Court of Appeals precedent as the legal framework for his Motion. [*See* ECF. #41 at ¶¶5-9.] However, spoliation is a discovery offense. *Gates Rubber Co. v. Bando Chem. Indus. Ltd.*, 167 F.R.D. 90, 101 (D. Colo. 1996). Federal courts apply the Federal Rules of Civil Procedure and federal common law to discovery offenses. *See 103 Inv'rs I, L.P. v. Square D Co.*, 470 F.3d 985, 988-89 (10th Cir. 2006) (applying federal spoliation standard in state law product liability case). Thus, Plaintiff's reference to Colorado state court precedent is inapposite.

Second, according to Wal-Mart the only surveillance video it routinely preserves is surveillance video of alleged shoplifters up to the point the accused passes the last point of sale (meaning, not including the apprehension). [ECF. #41 at ¶¶16-18.] This preservation is for law enforcement purposes—not for "imminent litigation." [*See id.*] Unless Wal-Mart's protocol or another preservation obligation arises, its DVR system overwrites recorded surveillance video every 30 days with new recordings. [ECF. #48 at ¶16.] Thus, even assuming video of Ramirez's apprehension existed, it was overwritten by new video on or before September 4, 2016. [*See* ECF. #48 at ¶16.] The Court finds that Wal-Mart's preservation duty did not arise until many months later, on February 27, 2017, when Ramirez "first made allegations to Walmart that he was tackled or stomped on by employees." [ECF. # 48 at ¶17.] Thus, Wal-Mart was not under an obligation to preserve video of Ramirez's apprehension, even assuming it existed. *See* Fed. R. Civ. P. 37(e) advisory committee notes, 2015 amendment.

### III. CONCLUSION

For the foregoing reasons, the Motion is DENIED.

DATED: August 27, 2019

BY THE COURT

_____
S. Kato Crews
United States Magistrate Judge

6