IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-02253-SKC

JOSE RAMIREZ,

  Plaintiff,

v.

WAL-MART STORES, INC.,

  Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DETERMINATION OF LAW [ECF. #19]**

---

This Order addresses Defendant Wal-Mart Stores, Inc.'s Motion for Determination of Law Regarding Status of Plaintiff Under Colorado Premises Liability Act [ECF. #19] (the "Motion"). The Court has reviewed the Motion, Plaintiff Jose Ramirez's ("Ramirez") Response [ECF. #24], Wal-Mart's Reply [ECF. #28], the entire docket, and applicable law. Oral argument will not materially assist the Court's determination. The Court GRANTS the Motion.

**I. BACKGROUND**

This lawsuit arises out of an altercation between Ramirez and Wal-Mart's asset protection employees. The facts relevant to the Court's ruling are not in dispute. Wal-Mart consents to the public entering its property for the purpose of transacting business. [ECF. #19 at p. 5; ECF. #24 at p. 6.] It does not consent to individuals stealing its merchandise.

[ECF. #19 at p. 2; *see generally* ECF. #24.]

On August 4, 2016, Ramirez was shopping at Wal-Mart with his minor nephew. [ECF. #24 at p. 1.] He attempted to exit the store while he and his nephew concealed goods in a cooler he purchased. [ECF. #19 at pp. 1-2; *see generally* ECF. #24; *see also* ECF. #42 at ¶2.] After he passed the store's final point of purchase without attempting to purchase the items in the cooler, two members of Wal-Mart's asset protection team apprehended Ramirez in Wal-Mart's vestibule as he was leaving the store with the unpurchased items. [ECF. #19 at p.1; ECF. #24 at p. 1.] Ramirez alleges he sustained physical injuries when a third member of Wal-Mart's asset protection team stomped on his ankle while he was being restrained on the ground. [ECF. #19 at p.1; ECF. #24 at p. 1.] He brought this action asserting a claim under Colorado's Premises Liability Act, a negligence claim, and claims of vicarious liability and *respondeat superior*.[1] [ECF. #3 at ¶¶15-36.]

The Parties previously stipulated to the following undisputed facts in prior filings with the Court:

1. On or about August 4, 2016, at all times relevant to Plaintiff's claim, Defendant Wal-Mart Stores Inc. was engaged in the business of operating a retail store, the property located at 2770 W. Evans Avenue, Denver, CO 80219, Store #5676.

2. On August 4, 2016, the Property was real property within the meaning of C.R.S § 13-21-115.

3. On August, 4 2016 and at all time relevant to the Plaintiff's claims, Wal-Mart was in possession of the Property, was legally responsible for the condition of said property or for the activities conducted or

---

[1] Ramirez withdrew his negligence, vicarious liability, and *respondeat superior* claims at the August 28, 2019, Final Pretrial Conference. [ECF. #56.]

circumstances existing on said property, and were therefore "landowners" as defined in C.R.S § 13-21-115.

[ECF. #13 at p.4 (Undisputed Facts); ECF. #38 at p.6 (Stipulations); *see also* ECF. #15 at p.4 (Undisputed Facts).]

Wal-Mart seeks a declaration of law (or partial summary judgment) under Fed. R. Civ. P. 56 on the question of Ramirez's classification under the Premises Liability Act. *See* Colo. Rev. Stat. § 13-21-115 (the "CPLA"). Wal-Mart asserts that Ramirez was a trespasser under the CPLA at the time of his alleged injuries. Ramirez argues that he was an invitee or licensee under the statute.

## II. LEGAL STANDARDS

Ordinarily, under Fed. R. Civ. P. 56, summary judgment is warranted on an issue only where the pleadings, depositions, admissions, affidavits, and other exhibits show that there is no genuine dispute of material fact and the moving party is therefore entitled to a judgment as a matter of law. *Celotex Corp v. Catrett*, 477 U.S. 317, 323-24 (1986). In limited circumstances, however, Rule 56 may be used to determine a question of law when no genuine issue of material fact is necessary for the determination of the question of law. *Cf. id.* A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbot Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party. *Allen v. Muskogee*, 199 F.3d 837, 839 (10th Cir. 1997). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S.

3

at 248-49; *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S .574, 587 (1986)). In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

### III. ANALYSIS

**A. Application of the CPLA**

As a threshold matter, the Court must determine whether the CPLA applies. The statute applies to personal injury actions that meet four requirements:

> (1) the action involves the plaintiff's entry on the landowner's real property; (2) the plaintiff's injury occurred while on the landowner's real property; (3) the injury occurred by reason of the property's condition, activities conducted on the property, or circumstances existing on the property; and (4) the landowner breached the duty of care it owed the plaintiff under the premises liability statute's classification of trespasser, licensee, or invitee.

*Larrieu v. Best Buy Stores, L.P.*, 303 P.3d 558, 561 (Colo. 2013) (citing Colo. Rev. Stat. §13-21-115(2)). There is no genuine dispute of material fact as to whether the CPLA, which Ramirez asserted for his First Claim for Relief, applies in this case.

First, the parties stipulated that Wal-Mart is a landowner as defined by the CPLA. [*See* ECF. #3 at ¶8; ECF. #6 at ¶8; ECF. #13 at p.4 (Undisputed Facts); ECF. #38 at p.6 (Stipulations); *see also* ECF. #15 at p.4 (Undisputed Facts).] Second, Ramirez's alleged injury was sustained on Wal-Mart's real property. [*See* ECF. #3 at ¶¶6-7; ECF. #6 at ¶¶6-7; ECF. #19 at p.1.; ECF. #24 at p.1.] Third, Ramirez's injury occurred by reason of

4

activities conducted on the property, *i.e.*, Wal-Mart's surveillance and other activities to protect its assets apprehend shoplifters. [ECF. #19 at p.1; ECF. #24 at p.1.] Finally, Ramirez alleges that Wal-Mart breached the duty of care under the CPLA. [ECF. #3 at ¶¶15-22.] Accordingly, the CPLA applies.[2]

## B. Ramirez's Classification under the CPLA

Wal-Mart seeks a determination of Ramirez's classification under the CPLA as a matter of law. In his Complaint, Ramirez asserts he was an invitee because he entered Wal-Mart's premises with the intent of transacting business. [ECF. #3 at ¶5.] Wal-Mart argues that Ramirez was a trespasser because, at the time of his apprehension, he was caught stealing, and thus, his purpose for entering the property exceeded the scope of Wal-Mart's consent. [ECF. #19 at p. 2.]

The CPLA defines invitee, licensee, and trespasser as follows:

(a) "Invitee" means a person who enters or remains on the land of another to transact business in which the parties are mutually interested or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain.

(b) "Licensee" means a person who enters or remains on the land of another for the licensee's own convenience or to advance his own interests, pursuant to the landowner's permission or consent. "Licensee" includes a social guest.

(c) "Trespasser" means a person who enters or remains on the land of another without the landowner's consent.

---

[2] The Court made this ruling from the bench during the August 28, 2019, Final Pretrial Conference. [*See* ECF. #56 at p.1.] The Court considered the matter on *sua sponte* pursuant to Fed. R. Civ. P. 56(f). The Court includes this analysis here to ensure a complete record.

Colo. Rev. Stat. § 13-21-115(5). The statute provides that the trial court "shall determine whether the plaintiff is a trespasser, a licensee, or an invitee" in accordance with the above definitions. *Id.* at § −115(4). Thus, the Court's only role is to determine Ramirez's classification under the statute as a matter of law. *Traynom v. Cinemark USA, Inc.*, 940 F. Supp. 2d 1339, 1346 (D. Colo. 2013) (quoting *Vigil v. Franklin*, 103 P.3d 322, 328 (Colo. 2004)).

It is undisputed that Wal-Mart consents to the public entering its property for the purpose of transacting business. [ECF. #19 at p. 5; ECF. #24 at p. 6.] And there is no dispute Wal-Mart does not consent to individuals stealing from its store. [ECF. #19 at p. 2; *see generally* ECF. #24.] There is also no dispute that Ramirez went through the final point of sale without paying for "more than $121 in merchandise," and that his alleged injuries occurred while he was attempting to steal that merchandise. [ECF. #19 at pp. 1-2; *see generally* ECF. #24; *see also* ECF. #42 at ¶2.] Based on these undisputed facts, there is no dispute that Ramirez was injured on Wal-Mart's property at a time when he no longer had its consent to be there. The Court finds he lost Wal-Mart's consent when he attempted to steal from it. Thus, Ramirez was a trespasser under the CPLA. *See* Colo. Rev. Stat. § 13-21-115(5)(c) (defining "trespasser" as "a person who enters or remains on the land of another without the landowner's consent").

Ramirez argues that because he entered Wal-Mart's property within the scope of its consent (to transact business), his status at the time of entry remained unchanged through the time of injury. [ECF. #24 at p. 6.] This argument ignores the fact that a "plaintiff's purpose for being on the property *at the time of the injury*" impacts the plaintiff's

status. *See Bernstein v. Keystone Neighbourhood Co.*, No. 13-cv-3340-MSK-KMT, 2015 U.S. Dist. LEXIS 127739, at *5 (D. Colo. Sept. 22, 2015) (emphasis added) (citing *Chapman v. Wiley*, 134 P.3d 568, 569 (Colo. App. 2006)). The Colorado Court of Appeal's holding in *Chapman v. Wiley* provides guidance on this issue. [*See* ECF. #19 at p. 4.]

In *Chapman*, the Colorado Court of Appeals determined that a plaintiff was on defendant's property as an invitee with permission to enter to conduct social visits. *Chapman*, 134 P.3d at 569. The plaintiff's status changed to a trespasser, however, when he returned to the property for the purpose of fighting. *Id.* (citing *Special Force Ministries v. WCCO Television*, 584 N.W.2d 789, 792 (Minn. Ct. App. 1998) ("a permitted entrant may become a trespasser by exceeding the scope of consent.")).

Although factually distinguishable, the reasoning in *Chapman* is persuasive. It demonstrates that the CPLA has been interpreted to mean that a property entrant's status upon entry may change if the entrant exceeds the scope of consent. *See Chapman*, 134 P.3d at 569. Further, the federal district court's decision in *Bernstein* (citing *Chapman*) further guides that an injured entrant's purpose for being on the property at the time of injury may further cause a change in the entrant's initial status. *Bernstein*, 2015 U.S. Dist. LEXIS 127739, at *5.

Here, the Court finds that Ramirez entered Wal-Mart with its consent to transact business, but he exceeded the scope of that consent when he attempted to steal from Wal-Mart, and his alleged injuries occurred at a time when he was attempting to steal. These facts are undisputed. Ramirez has conceded his attempted theft. [*See* ECF. #19-

2.] The Court finds Ramirez was a trespasser under the CPLA, as a matter of law.[3]

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Wal-Mart's Motion for Partial Summary Judgment is GRANTED. The Court finds and holds, as a matter of law, that Ramirez was a trespasser under the CPLA at the time of his alleged injuries.

DATED:   August 28, 2019

BY THE COURT

_____
S. Kato Crews
United States Magistrate Judge

---

[3] Contrary to Ramirez's assertion, the analysis does not require the Court to determine his *mens rea* at the time of the injury. [See ECF. #24 at p 6.] The Court finds that Ramirez exceeded the scope of Wal-Mart's consent when he tried to steal from Wal-Mart. When he formed the requisite *mens rea* to steal is immaterial. It is undisputed he tried to steal from Wal-Mart while on its premises both before and at the time of his alleged injuries.